The Honorable Tim Woolridge State Representative 100 College Drive Paragould, AR 72450
Dear Representative Woolridge:
This is in response to your request for an opinion, on behalf of the Northeast Arkansas Regional Solid Waste Management District ("District"), concerning Act 752 of 1991. This act is codified at A.C.A. §§ 8-6-701—721 and 8-6-801—814 (Cum. Supp. 1991) and pertains to regional solid waste management districts and boards. Attached to your request is a letter from the Greene County Judge regarding a meeting of the Northeast Arkansas District. The letter states that during the meeting several questions arose concerning "the fate of the Paragould/Greene County Landfill." The letter states that a conversation was had with a member of the Arkansas Department of Pollution Control and Ecology during which it was concluded: "[I]f Paragould/Greene County continued to own and operate the landfill that the liabilities could not be shared equally between the three counties."
I lack sufficient information to fully assess any liability questions which may arise in the above context. Act 752 contemplates that the solid waste management boards of each solid waste management district will evaluate the solid waste needs of their districts and formulate needs assessments, recommendations and plans for providing adequate solid waste management. See
A.C.A. §§ 8-6-704 and -717(a). Additionally, § 8-6-709 allows the boards to enter into agreements to implement the purposes of the statute. Such agreements are to specify the precise organization, composition and nature of any separate legal or administrative entity created thereby, the manner of financing the undertaking, the permissible methods to be employed in accomplishing the partial or complete termination of the agreement, and any other necessary and proper matters.
Without knowing the agreements between the counties, and what role the referenced landfill plays in those agreements, I can offer no opinion on the liability issues which might be implicated by your question.
Your second question pertains to "the type of representation that is provided by Act 752." The letter attached to your request states that there is a concern that the representation provided by the act is unconstitutional and states, as an example, that "Clay County — population 18,107 has four votes; Greene County — population 31,804 has two votes; and Lawrence County — population 17,454 has three votes." While it is not clear from the letter, I will assume that the focus of this question is intended as a constitutional equal protection inquiry. That is, does Greene County have grounds for an equal protection challenge to its apparent underrepresentation on the board?
It is my opinion that the answer to this question is "no."
Section 8-6-703 sets out the composition of each regional solid waste management board. The section states in pertinent part that:
 (b) Each regional solid waste management board shall be composed of representatives of the counties within the district and representatives of all first-class cities, of all cities with a population over two thousand (2,000) according to the latest federal decennial census, and of the largest city of each county within the district.
Assuming that the board is set up as authorized pursuant to §8-6-703, it is my opinion that Greene County's representation on the board does not violate the equal protection clauses of either the Arkansas or United States Constitutions. It has been held that a state statute does not offend the equal protection clause merely because it favors one class of persons over another; but rather, to decide whether the statute violates the equal protection clause, a court must determine whether the classification created by the statute is rationally related to a legitimate state interest. Burris v. Sewer Imp. Dist. No. 147,
743 F.Supp. (E.D. Ark. 1990). The Arkansas Supreme Court has recently upheld the "rational basis" test, and declined to adopt a "strict scrutiny" approach in determining such equal protection challenges. Magnolia School District No. 14 v. Arkansas StateBoard of Education, 303 Ark. 666, 799 S.W.2d 791 (1990). Thus, if any rational basis exists which demonstrates the possibility of a deliberate nexus with state objectives so that the legislation is not the product of utterly arbitrary and capricious government purpose and void of any hint of deliberate and lawful purpose, it will withstand an equal protection challenge. Arkansas Hosp. Ass'n. v. Arkansas State Board ofPharmacy, 297 Ark. 454, 763 S.W.2d 73 (1989).
Applying the above precepts to § 8-6-703, it may reasonably be concluded that the statute will, on its face, withstand an equal protection challenge. The statute appears to be rationally related to the legitimate state objective of distributing votes by demographic considerations of the localities comprising the districts. It cannot be stated that the statute is the product of "utterly arbitrary and capricious government purposes." ArkansasHosp. Ass'n., supra.
Nor, in my opinion, does the equal protection guaranty of "one person, one vote" apply in this instance. The powers and duties of the regional board are not, in my opinion, sufficiently general in nature to bring the board within this guaranty. See
Op. Att'y Gen. 92-341 at 2-4 (copy enclosed).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh
Enclosure